WILLIAM J. LEE,

    Petitioner,

v.

Case No. 16-cv-930-pp

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

    Respondent.

**ORDER SCREENING §2254 *HABEAS CORPUS* PETITION (DKT. NO. 1), DENYING THE PETITIONER'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2) AND ORDERING THE RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

William J. Lee, who is representing himself, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. The petitioner also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The case is now before the court for screening pursuant to Rule 4 of the Rules Governing §2254 Proceedings.

**I.    BACKGROUND**

In Brown County Circuit Court, the petitioner was convicted of one count of armed robbery with use of force, as a repeater. Dkt. No. 1 at 2. Following his conviction, the petitioner filed a notice of appeal, but he alleges that his lawyer did not file any grounds supporting the appeal and abandoned his case. Id. Over four years later, representing himself, the petitioner filed a post-conviction petition for a writ of *habeas corpus* in the state circuit court. Id. The petitioner's

1

federal *habeas* petition alleges that he raised due process and ineffective assistance of counsel claims in the state *habeas* petition. Id. at 3. The petitioner's trial counsel obtained leave to file a no-merit notice of appeal and a no-merit report related to the petitioner's conviction. Dkt. No. 1-2 at 4. The petitioner then successfully discharged his counsel and elected to proceed in the state circuit court on the claims he had raised in his state *habeas* petition. Id. The state circuit court denied the petition. Id. In an opinion dated October 13, 2015, the Wisconsin Court of Appeals affirmed the trial court's decision. Id. at 3. The Wisconsin Supreme Court denied the petitioner's petition for review. See Dkt. No. 1 at 8. The petitioner did not file a petition for a writ of *certiorari* in the United States Supreme Court. See generally, id.

The petitioner subsequently filed this federal *habeas* petition. Dkt. No. 1. The petition sets forth two grounds for relief: (1) ineffective assistance of counsel; and (2) violation of his due process right to appeal his conviction by the state courts, which permitted his trial counsel to file a late no-merit report. Id. at 7.

## II. THE PETITIONER MAY PROCEED ON BOTH CLAIMS IN HIS PETITION.

The court now will review, or "screen" the petition. Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

2

At this stage, the court reviews the petition and its exhibits to determine whether the petitioner has set forth claims arising under the Constitution or federal law that are cognizable on *habeas* review, exhausted in the state court system, and not procedurally defaulted.

The petitioner's ineffective assistance of counsel and due process claims generally are cognizable on *habeas* review. At the screening stage, the court expresses no view on the merits of any of the petitioner's claims; the court finds only that the petitioner has stated claims that are cognizable in a federal *habeas* case.

Next, in order to decide whether the petitioner's *habeas* case can move forward, the court must determine whether it appears, on the face of the petition, that the petitioner has exhausted his state remedies on these claims. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's *habeas* argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). A prisoner exhausts a constitutional claim when he has presented it to the highest state court for a ruling on the merits. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Arrieta v. Battaglia, 461 F.3d 861, 863 (7th Cir. 2006). Once the state's highest court has had a full and fair

3

opportunity to evaluate the merits of the claim, a prisoner is not required to present it again to the state courts. Humphrey v. Cady, 405 U.S. 504, 516 n. 18 (1972).

From the face of the petition and the attachments, it appears that the petitioner has satisfied this requirement; at this preliminary stage, it appears that he presented each of his claims to each level of the Wisconsin state courts, and ultimately was denied relief. The court notes, however, that at this stage in the case, the respondent has not had an opportunity to weigh in on the exhaustion question; nothing in this order prevents the respondent from arguing that the petitioner has not exhausted his claims, or from filing pleadings based on that argument.

Finally, the court considers whether the petitioner procedurally defaulted any of his claims. Even if a petitioner has exhausted review of a constitutional claim in the state courts, it is possible that a federal *habeas* court can be foreclosed from reviewing the claim on the merits because of a "procedural default." A criminal defendant "procedurally defaults" a claim—and loses the right to federal *habeas* review—if the last state court that issued judgment " 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). There can be several kinds of state procedural bars, including, but not limited to, failing "to raise a claim of error at the time or in the place that state law requires." Trevino v. Thaler, --- U.S. ---, 133 S. Ct. 1911, 1917 (2013). At this point in the case, the court can discern no

4

procedural default from the face of the petition or its attachments. Therefore the court will allow the petitioner's *habeas* case to proceed.

### III. THE COURT WILL DENY THE PETITIONER'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner has not paid the filing fee, and he has filed a request to proceed *in forma pauperis*. Dkt. No. 2. The petitioner's trust account activity statement reflects a balance of $1,596.68 as of August 4, 2016. Dkt. No. 5. The filing fee for filing a *habeas* petition is $5.00. See 28 U.S.C. § 1914(a). The court concludes that the petitioner can pay that $5.00 filing fee. Accordingly, the court will deny the petitioner's request to proceed *in forma pauperis*. The court will order the petitioner to pay the filing fee within sixty (60) days of the date of this order.

### IV. CONCLUSION

The court **ORDERS** that the petitioner may proceed on both of the claims in his *habeas* petition.

The court **DENIES** the petitioner's motion to proceed without prepayment of the $5.00 filing fee, Dkt. No. 2, and directs the petitioner to pay the filing fee within sixty (60) days of the date of this order—that is, **by October 21, 2016**.

The court **ORDERS** that within **sixty (60)** days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the Attorney General for the State of Wisconsin and Judy Smith, Warden of the Oshkosh Correctional Institution will receive copies

of the petition and this order electronically.

Dated in Milwaukee, Wisconsin this 22nd day of August, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge