UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM J. LEE,

        Petitioner,

v.                                    Case No. 16-cv-930-pp

LISA AVILA,

        Respondent.

---

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO COMPEL CIRCUIT COURT REPORTER AND CLERK OF BROWN COUNTY TO PREPARE AND DELIVER TRANSCRIPTS (DKT. NO. 26)**

---

The petitioner challenges his 2009 conviction in Brown County Circuit Court on one count of armed robbery with use of force, as a repeater (State v. Lee, 2002CF000886 (Brown County Circuit Court)). Dkt. No. 1. The petitioner asserts that his trial counsel was ineffective for failing to file a motion to suppress identification evidence, dkt. no. 1 at 6, that a court of appeals judge committed an abuse of discretion in allowing his appellate counsel to file a late no-merit report, dkt. no. 1 at 7, and that the court of appeals judge should have recused himself, dkt. no. 1 at 9.

The respondent filed a motion to dismiss the petition as untimely and barred by 28 U.S.C. §2244(d)(1), because the petitioner did not properly file his state *habeas* petition and thus did not toll the one-year AEDPA limitations period; the respondent argues that the limitations period expired on March 3, 2014, over two years before the petitioner filed this federal *habeas* case. Dkt.

1

No. 9. The petitioner objected, arguing that the respondent's calculations were "misleading." Dkt. No. 14. The court denied the motion to dismiss without prejudice, explaining the complex procedural history of the state court litigation and setting a briefing schedule to allow the parties time to address statutory and equitable tolling. Dkt. No. 17.

Months after the court ordered the parties to submit briefs on the statutory and equitable tolling issues, the petitioner filed this motion, asking the court to compel the court reporter and clerk of court in Brown County to prepare and deliver the transcripts of two hearings in the state case—a status conference that took place on September 6, 2013 and another status conference that took place on September 11, 2013. Dkt. No. 26. The petitioner asked the circuit court judge for the transcripts in his state *habeas* case. Dkt. No. 20 at 25. The judge explained that the two September 2013 hearings "involved determining whether: (1) appellate counsel would file a motion to extend the time limits for filing an appeal and no merit report; or (2) whether appellate counsel would withdraw and Lee would proceed pro se because the State Public Defender's Officer would not appoint successor counsel." Id. at 25-26. The judge concluded that the hearings "have no bearing on any issues [the petitioner] would need to address in regard to challenging the validity of his criminal convictions." Id. at 26.

The same is true in this federal *habeas* case. The issue the court must decide right now is whether either the law or events "tolled," or paused, the one-year period within which he had to file a federal *habeas* petition. As this

court explained in its January 23, 2018 order denying the motion to dismiss the petition, the question of whether the petitioner timely filed his federal *habeas* petition is answered by whether his April 12, 2013 *habeas* petition in the Brown County Circuit court was "properly filed." Dkt. No. 17 at 15. Transcripts of hearings where the parties discussed scheduling for filing the petitioner's direct appeal or a no merit report, and whether the state court should have allowed the petitioner's appellate counsel to withdraw, are not relevant to whether the petitioner's April 12, 2013 *habeas* petition—which he filed himself, without counsel—was properly filed.

The court currently is considering that question. If the court decides that the petitioner timely filed his federal *habeas* petition, it will then ask the parties to brief the issues the petitioner raises in it. The court does not know whether the September 2013 transcripts the petitioner has requested might be relevant to those claims; the court will cross that bridge if it reaches it. At this point, the transcripts are not relevant to the question before the court.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to compel the preparation and delivery of transcripts. Dkt. No. 26.

The court will issue a separate order resolving the question of whether the federal petition was timely filed.

Dated in Milwaukee, Wisconsin this 14th day of March, 2019.

                                               **BY THE COURT:**

                                               **HON. PAMELA PEPPER**
                                               **United States District Judge**